David W. Raymond, Appellee, v. Albert J. Horan
et al.
Appeal of Continental Distributing Company,
Appellant.

Gen. No. 42,797.

Opinion filed May 2, 1944.

RUDNICK & WOLFE, of Chicago, for appellant.

No appearance for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This action involving the trial of right of property was brought by plaintiff, David W. Raymond, against Albert J. Horan, Bailiff of the Municipal Court of Chicago, and Continental Distributing Company. Trial was had by the court without a jury. The court found that plaintiff was entitled to the right of possession of the property in question and to $12 damages for its wrongful detention. Judgment was entered on the finding and defendant, Continental Distributing Company, appeals from said judgment. Plaintiff has filed no brief.

Plaintiff's statement of claim alleges that since October 10, 1942 he has been the owner and entitled to the possession of certain personal property described therein; that ''said property is now in the possession of Albert J. Horan, Bailiff of the Municipal Court of Chicago, who has seized and now holds the same by virtue of a levy made by him under a writ of execution issued out of the Municipal Court of Chicago'' on April 1, 1943, ''upon a judgment of that court for the sum of $378.29 and costs entered on March 26, 1943, in favor of Continental Distributing Co., a corporation and against Forrest Coburn, doing business as Coburn's Tavern;'' and that said property is of the value of $2,000.

There is no dispute as to the facts. Forrest Coburn was desirous of embarking in the saloon and restaurant business at 112 South Clark street. There were saloon and restaurant fixtures and equipment in said premises owned by the Century Finance Company. On October 10, 1942 Coburn purchased such fixtures and equipment with $2,000 lent to him by plaintiff Raymond. Thereafter on the same day, Coburn executed and delivered to Raymond a bill of sale covering said fixtures and equipment and as part of the same transaction Raymond sold them back to Coburn under a

conditional sale contract, which provided for semi-annual payments of $250. It is admitted that the sale by Coburn to Raymond and the conditional sale by the latter to Coburn were made for the sole purpose of securing the loan of $2,000 made by Raymond to Coburn to enable the latter to purchase the property from the Century Finance Company. Defendant, Continental Distributing Company, procured its judgment against Coburn on April 1, 1943 and pursuant thereto execution issued and the levy was made by the bailiff on the fixtures and equipment involved herein.

A conditional sale contract contemplates a bona fide sale made by a vendor to a vendee and a conditional bill of sale cannot be used to secure the interest of one who though purporting to sell personal property merely lends money to facilitate its purchase from a third person. Judicial sanction cannot be given to the employment of a conditional sale contract for the purpose of securing a loan made on personal property or for the purpose of securing a loan made to enable a purchaser to buy personal property from a third person. In *Hughbanks, Inc. v. Gourley,* 12 Wash. (2d) 44, 120 P. (2d) 523, 138 A. L. R. 658, a leading case on the subject, the factual situation was almost identical with that in the instant case. There the court said at pp. 525 and 526 of the first mentioned report:

"This court has held that it is not the office of a conditional bill of sale to secure a loan of money. Its purpose, rather, is only to permit an owner of personal property to make a bona fide sale on credit, reserving title in himself, for security, until the purchase price is fully paid. *Lyon v. Nourse,* 104 Wash. 309, 176 P. 359. This particular security device, with its severe remedial incidents, is not favored in the law and its use has been restricted to situations where persons standing in the actual relation of vendor and vendee have desired to effect a credit sale. It is in such cases that it finds its only legitimate use.

"Where, on the other hand, one who is the owner of a particular chattel wishes to borrow money and is willing to let the chattel stand as security for his debt, a chattel mortgage is the appropriate means for affording such protection to the creditor. And this is as true where the property mortgaged is purchased with the borrowed funds as where it has long been in the borrower's possession.

"Cases have arisen in this state in which attempts have been made to employ a conditional bill of sale to secure the interest of one who, though purporting to sell the chattel involved, merely lends money to facilitate its purchase from a third person. But this court has uniformly refused to sanction such a misuse of the conditional bill of sale. . . .

"The cases above discussed or cited establish the rule that any attempt to employ a conditional bill of sale for the purpose of securing money lent will not receive judicial sanction, regardless of the intention of the parties so to use it. The problem is not one of determining whether the parties intended to mould their transaction into the form of a conditional sale rather than that of a chattel mortgage, but of deciding whether in a pure financing arrangement the conditional sale can ever be adopted as a means of securing a loan. And the answer is that the contract of conditional sale may be used only by an actual vendor in the economic sense, and not by one who in a particular transaction occupies the status of a financier or lender of money, even though the latter may go through the form of taking title and possession of the chattel which he purports to sell, as respondent has done in this case."

We are impelled to hold that since the sole purpose of the transaction between plaintiff and Coburn was to secure the payment of the loan made by Raymond to Coburn, the conditional sale of the property by Raymond to Coburn and the secret lien thereby retained

were ineffective under the law as against any rights third persons might have in and to said property and that the right of defendant Continental Distributing Company under its judgment and execution against Coburn to the possession of the property is superior to any right plaintiff might have therein.

For the reasons stated herein the judgment of the municipal court is reversed and the cause is remanded with directions that judgment be entered declaring that the defendant, Continental Distributing Company, has the right to the possession of the property set forth and described in plaintiff's statement of claim.

*Reversed and remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.